IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY JAMES STONECIPHER,

       Plaintiff,

v.                                                                                                              No. 2:23-cv-00619-JHR

ELLEN R. JESSEN,

       Defendant.

**MEMORANDUM OPINION AND ORDER TO CURE DEFICIENCY
AND TO FILE AN AMENDED COMPLAINT**

       Plaintiff, who is proceeding *pro se*, sent a letter to Chief United States District Judge William P. Johnson stating that Defendant Jessen, a state district court judge, is denying Plaintiff his constitutional rights. *See* Doc. 1, filed July 24, 2023. The Clerk's Office filed the letter as a Complaint. Plaintiff states that "this judge needs to be removed from any case with me and in my opinion needs to be removed from the bench." Complaint at 2.

       The Court notifies Plaintiff that he cannot seek relief or file documents by contacting a Judge or a Judge's chambers. All requests for relief and documents to be filed must be either mailed or delivered in person to the Clerk of Court. Any documents sent to the undersigned or his chambers for filing in this case will not be filed.

> Unless otherwise directed, all communication to the court should be addressed to the Clerk of Court, United States District Court, District of New Mexico, using the address for the division [Albuquerque, Las Cruces or Santa Fe] where the subject case has been assigned.

Guide for Pro Se Litigants at 5 (providing the Albuquerque, Las Cruces and Santa Fe addresses).

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.  The Clerk's Office mailed the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's Local Rules of Civil Procedure to Plaintiff on July 24, 2023.

**Order to Cure Deficiency**

Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a, b).[1]  The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

Plaintiff has not paid the $402.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff must either pay the fee or file an Application.  The Clerk's Office mailed the form "Application to Proceed in District Court Without Prepaying Fees or Costs," to Plaintiff on July 24, 2023.

**Order for Amended Complaint**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $52.00 administrative fee.

2

absent an adequate showing by the party invoking federal jurisdiction"). The Complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure.

Although Plaintiff asserts that "Judge Jessen has violated my right to Due Process under the state and federal Constitution[s]," the Complaint does not show that the Court has jurisdiction over this matter. The Complaint indicates that the events giving rise to this matter arose in two cases Plaintiff has in state court that are or were presided over by Judge Jessen. The Complaint does not indicate whether either of those cases is currently pending.

If Plaintiff's cases in state court are closed, then it appears the Court does not have jurisdiction over any claims arising from those cases pursuant to the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed. App'x. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

If either of Plaintiff's cases are currently pending, it appears that Plaintiff's claims arising from those cases may be barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought

before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

Plaintiff states: "I don't know what to do when I cannot get a fair trial.  This judge needs to be removed from any case with me."  Complaint at 2.  Given that Plaintiff asserts Defendant Jessen violated Plaintiff's right to due process due to various acts Defendant Jessen has taken while presiding over Plaintiff's cases, it appears that Plaintiff is either seeking an order from this Court enjoining Defendant Jessen from taking improper acts while presiding over Plaintiff's cases or an order directing the state court to assign a different judge to Plaintiff's cases.  "Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'"  *Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)); *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("To the extent that he is seeking relief in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, '[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties'").  It is not clear what other relief, if any, Plaintiff seeks.  *See* Fed. R. Civ. P. 8(a)(3) (a complaint must contain a demand for the relief sought).

While it appears the claims in the Complaint can be dismissed for the reasons stated above, it is not obvious that it would be futile to give Plaintiff Mills an opportunity to file an amended complaint.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*,

4

492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The amended complaint must comply with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  See Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs").  Plaintiff attached a "USB with audio" to his Complaint to confirm his allegations.  The Court will not review exhibits to a complaint or make a party's arguments for it.  See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").  Rule 8(a) of the Federal Rules of Civil Procedure requires only a short and plain statement of the claim showing that Plaintiff is entitled to relief.  Although "a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'" Warnick v. Cooley, 895 F.3d 746, 751 (10th Cir. 2018) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff does not need to attach evidence to the Amended Complaint.  See Fed. R. Civ. P. 11(b) (by filing documents with the Court attorneys and unrepresented parties certify that to the best of their knowledge, information and belief, the claims are warranted by existing law and the factual contentions have evidentiary support).  Evidence supporting Plaintiff's claims may be disclosed during discovery.

    **IT IS ORDERED** that:

    (i)    Plaintiff shall, within 21 days of entry of this Order, either: (a) pay the $402.00 fee; or (b) file an Application to Proceed in District Court Without Prepaying Fees or

Costs. Failure to timely pay the fee or file an Application may result in dismissal of this case.

(ii)    Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**HON. JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**