IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY JAMES STONECIPHER,

      Plaintiff,

v.                                                                                               No. 2:23-cv-00619-WJ-GJF

ELLEN R. JESSEN,

      Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTIONS TO DISMISS AND MOTION FOR SANCTIONS
AND ORDER TO SHOW CAUSE**

      Plaintiff, who is proceeding *pro se*, alleges that Defendant, a state court judge, violated Plaintiff's civil rights during state court proceedings. *See* Plaintiff's Verified First Amended Complaint to Recover Damages due to Deprivation of Civil Rights, Doc. 4, filed August 14, 2014 ("Amended Complaint"). Plaintiff seeks an order directing Defendant to recuse from any current or future cases involving Plaintiff. *See* Amended Complaint at 37. Defendant has filed two motions to dismiss, one based on judicial immunity and the other on subject matter jurisdiction. Plaintiff has filed a motion for sanctions.

**Motion to Dismiss Based on Judicial Immunity**

      Defendant moves to dismiss the Amended Complaint for failure to state a claim because Defendant is entitled to absolute judicial immunity given that all of her actions that Plaintiff complains of occurred during the course and scope of Defendant's role as a state district court judge. *See* Defendant Ellen R. Jessen's Motion to Dismiss Based Upon Absolute Judicial Immunity, Doc. 9, filed September 5, 2023.

Plaintiff contends that Defendant is not entitled to absolute immunity because Defendant was acting outside her granted jurisdiction and authority.  *See* Response in Opposition to Defendants' [sic] Motion to Dismiss, Doc. 10, filed September 19, 2023.  Plaintiff alleged that among other things Defendant: (i) "made findings on facts not in the record;" (ii) "refused to allow for a continuance so the Plaintiff could find a new attorney" after Plaintiff fired his original attorney; (iii) "refused to allow the Plaintiff to represent himself at the hearing;" (iv) overruled Plaintiff's objection to a "surprise expert witness" and "allowed the witness;" (v) refused to allow testimony or exhibits to be presented for Plaintiff's motions; (vi) refused to recess court when Plaintiff was having a medical emergency; (vi) denied Plaintiff's motion for a continuance so Plaintiff could receive medical treatment; (vii) denied Plaintiff's motions to disqualify opposing counsel and for Defendant to recuse; and (viii) delayed a hearing for two years. Amended Complaint at 5-37.  "Plaintiff claims it is NOT within Defendant's judicial capacity or granted jurisdiction to deny a person due process of law in accordance with the Constitution of the United States of America."  Response at 9 (emphasis in original).

Plaintiff is suing Defendant in her individual and official capacities.  *See* Amended Complaint at 1.

The Court grants Defendant's Motion to Dismiss based on absolute judicial immunity as to Plaintiff's claims against Defendant in her individual capacity.

> The Supreme Court of the United States has long held that judges are generally immune from suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). There are only two exceptions to this rule: (1) when the act is "not taken in [the judge's] judicial capacity," and (2) when the act, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Id.* at 12. Regarding the second exception, an act taken in excess of a court's jurisdiction is not to be confused with an act taken in the "complete absence of all jurisdiction." As *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 351–52, 20 L.Ed. 646 (1871), explained,

> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

To illustrate this distinction, the Supreme Court has stated:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stein v. Disciplinary Bd. Of Supreme Court of New Mexico*, 520 F.3d 1183, 1195 (10th Cir. 2008) (quoting *Stump v. Sparkman,* 435 U.S. 349, 357 n. 7 (1978)). Defendant's acts such as making findings of fact and ruling on objections and motions, which Plaintiff contends deprived him of due process, were clearly taken in Defendant's judicial capacity. Plaintiff has not shown there was no jurisdiction over the subject matter of the state court proceedings in which Defendant made her decisions.

The Court denies Defendant's Motion to Dismiss based on absolute judicial immunity as to Plaintiff's claims against Defendant in her official capacity because judicial immunity applies only to personal capacity claims.

> "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). The "immunity applies only to personal capacity claims." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011).

*Collins v. Daniels*, 916 F.3d 1302, 1317 (10th Cir. 2019).

3

**Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendant moves to dismiss for lack of subject matter jurisdiction on two grounds. *See* Defendant Ellen R. Jessen's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss Plaintiff's Verified First Amended Complaint to Recover Damages due to Deprivation of Civil Rights for Lack of Subject Matter Jurisdiction, Doc. 11, filed September 21, 2023.

First, Defendant argues that this case is barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019). The Court denies Defendant's Motion to dismiss pursuant to *Rooker-Feldman* because Plaintiff is not seeking review of a state court judgment; he seeks only prospective injunctive relief.

Second, Defendant asserts that Plaintiff's claims against her in her official capacity are jurisdictionally barred by the Eleventh Amendment. *See* Doc. 11 at 6-7. Plaintiff argues that the *Ex parte Young* doctrine provides an exception to Eleventh Amendment sovereign immunity. *See* Doc. 12, at 6, filed September 28, 2023.

The Court denies Defendant's Motion to dismiss for lack of subject matter jurisdiction based on Eleventh immunity without prejudice because a plaintiff may seek injunctive relief against a state court judge under limited circumstances. Neither Defendant nor Plaintiff addressed the limited circumstances under which a plaintiff may seek injunctive relief against a state court judge.

"[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). Plaintiff seeks prospective injunctive relief pursuant to *Ex parte Young*. However, Defendant is a state court judge.

> Section 1983 expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... *unless a declaratory decree was violated or declaratory relief was unavailable*." See *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") (citations and quotation marks omitted); *see also Swain v. Seaman*, 505 Fed.Appx. 773, 775 (10th Cir. 2012) (unpublished) ("To be sure, Mr. Swain does mention (correctly) that courts generally recognize an exception to Eleventh Amendment immunity for plaintiffs seeking prospective relief from state officials. But Mr. Swain forgets that Congress expressly disallowed injunctive relief against judicial officers unless a declaratory decree was violated or declaratory relief was unavailable.") (citation and quotation marks omitted); *Ysais v. New Mexico*, 373 Fed.Appx. 863, 866 (10th Cir. 2010) (unpublished) ("Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983."). Catanach has not alleged Thomson violated a declaratory judgment or that declaratory relief was unavailable. His claim for injunctive relief is barred by the statute itself.

*Catanach v. Thomson*, 718 Fed.Appx. 595, 599-600 (10th Cir. 2017) (emphasis added) (footnotes omitted).

The Court orders Plaintiff to show cause why the Court should not dismiss this case as barred by 42 U.S.C. § 1983 which provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

**Motion for Sanctions**

5

Plaintiff asks the Court to consider imposing sanctions on counsel for Defendant for making "false and misleading statements."  Motion for Sanctions at 1, 10, Doc. 22, filed November 6, 2023.  The alleged false and misleading statements include: (i) "Plaintiff also seeks to remove [Defendant] from her position as Judge in the Twelfth Judicial District Court for the State of New Mexico;" (ii) "The Rooker-Feldman doctrine precludes Plaintiff's request to modify [Defendant's] Judgments and orders;" (iii) "Defendant's motion for dismissal under the 11th Amendment . . . is intentionally and factually misleading" because Plaintiff seeks only prospective injunctive relief; (iv) "Malicious restatement and misrepresentation . . . [by] rephras[ing] the complaint;" (iv) Counsel for Defendant's statement that Plaintiff seeks declaratory relief but omitted Plaintiff's phrase "as this Court deems appropriate and just;" (v) "Plaintiff seeks . . . a declaratory judgment announcing that [Defendant's] orders and judgments were unconstitutional."

The Court understands Plaintiff's concerns that the statements by counsel for Defendant are "false," misrepresentations, misleading, not relevant, do not quote Plaintiff's entire statements or present Plaintiff's statements out of context.  The Court takes very seriously its responsibility to secure the just determination of every case.  *See* Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment ("the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action . . . the parties share the responsibility to employ the rules in the same way").  The District of New Mexico's Local Rules of Civil Procedure place page limits on briefs.  *See* D.N.M.LR-Civ. 7.5.  Consequently, attorneys and *pro se* parties often paraphrase or shorten an opposing party's statements when drafting briefs.  The Court recognizes that parties necessarily summarize the opposing party's positions.  The Court therefore reads the complaint and opposing parties' briefs to ensure that each party's

summary of the opposing party's statements is accurate and is not taking statements out of context.  As to statements that may seem unfounded or irrelevant, the Court is required to liberally construe a complaint drafted by *pro se* parties which means "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Consequently, opposing counsel, who have an obligation to zealously advocate for their clients, must also address any issues that can reasonably arise from a *pro se* pleading.  Finally, Plaintiff states that the statements by counsel for Defendant "warrant scrutiny and sanctions per the requirements of Rule 11" "which mandates that all document presented to the Court be submitted in good faith and supported by existing law or a non-frivolous argument."  Motion for Sanctions at 9.  The Court reminds Plaintiff that Rule 11 also applies to unrepresented parties such as Plaintiff.  *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies . . . it is not being presented for any improper purpose . . .").  Plaintiff's Amended Complaint states "Plaintiff brings this suit pursuant to 28 U.S.C. § 455, Title 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Statements that Plaintiff is entitled to relief pursuant to 28 U.S.C. § 455 and *Bivens* are clearly false because: (i) 28 U.S.C. § 455, which identifies when a United States Judge should disqualify himself, does not apply to Defendant because she is not a federal judge; and (ii) *Bivens* claims, which can be brought only against federal officials in their individual capacities, cannot be brought against Defendant because she is not a federal official.  Imposing

sanctions for every incorrect statement will prevent the Court from ensuring the speedy and inexpensive determination of this case.

The Court denies Plaintiff's Motion for Sanctions. The Court, having carefully reviewed the statements made by counsel for Defendant, the Amended Complaint and Plaintiff's arguments, finds that while some of those statements may not be entirely accurate or complete, counsel for Defendant did not present those statements for any improper purpose.

**IT IS ORDERED** that:

(i) Defendant Ellen R. Jessen's Motion to Dismiss Based Upon Absolute Judicial Immunity, Doc. 9, filed September 5, 2023, is **GRANTED in part** and **DENIED in part** as follows: (a) The Motion is granted as to Plaintiff's claims against Defendant in her individual capacity; and (b) The Motion is denied as to Plaintiff's claims against Defendant in her official capacity.

(ii) Defendant Ellen R. Jessen's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss Plaintiff's Verified First Amended Complaint to Recover Damages due to Deprivation of Civil Rights for Lack of Subject Matter Jurisdiction, Doc. 11, filed September 21, 2023, is **DENIED.**

(iii) Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case as barred by 42 U.S.C. § 1983. Defendant's response is due 14 days after service of Plaintiff's response to this Order. Plaintiff's reply is due 14 days after service of Defendant's response.

(iv) Plaintiff's Motion for Sanctions, Doc. 22, filed November 6, 2023, is **DENIED.**

/s/
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**