IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY JAMES STONECIPHER,

      Plaintiff,

v.                                                                                                  No. 2:23-cv-00619-WJ-GJF

ELLEN R. JESSEN,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, alleges that Defendant, a state court judge, violated Plaintiff's civil rights during state court proceedings.  *See* Plaintiff's Verified First Amended Complaint to Recover Damages due to Deprivation of Civil Rights, Doc. 4, filed August 14, 2014 ("Amended Complaint").  Plaintiff is suing Defendant in her individual and official capacities and seeks an order directing Defendant to recuse from any current or future cases involving Plaintiff.  *See* Amended Complaint at 1, 37.  Defendant filed two motions to dismiss, one based on judicial immunity and the other on subject matter jurisdiction.

The Court granted Defendant's Motion to Dismiss based on absolute judicial immunity as to Plaintiff's claims against Defendant in her individual capacity.  *See* Order, Doc. 30, filed July 19, 2024.  The Court denied Defendant's Motion to Dismiss based on absolute judicial immunity as to Plaintiff's claims against Defendant in her official capacity because judicial immunity applies only to personal capacity claims.  *See* Order at 3.

The Court denied Defendant's Motion to dismiss for lack of subject matter jurisdiction based on Eleventh immunity without prejudice because a plaintiff may seek injunctive relief against a state court judge under limited circumstances.  *See* Order at 4. Neither Defendant nor

Plaintiff addressed the limited circumstances under which a plaintiff may seek injunctive relief against a state court judge. The Court explained that:

> "[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). Plaintiff seeks prospective injunctive relief pursuant to *Ex parte Young*. However, Defendant is a state court judge.
>
>> Section 1983 expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... *unless a declaratory decree was violated or declaratory relief was unavailable.*" See Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") (citations and quotation marks omitted)…
>
> *Catanach v. Thomson*, 718 Fed.Appx. 595, 599-600 (10th Cir. 2017) (emphasis added) (footnotes omitted).

Order at 5. The Court ordered Plaintiff to show cause why the Court should not dismiss this case as barred by 42 U.S.C. § 1983. *See* Order at 8. Plaintiff did not show cause why the Court should not dismiss this case by the August 9, 2024, deadline.

**IT IS ORDERED** that this case is **DISMISSED with prejudice.**

/s/
WILLIAM P. JOHNSON
**CHIEF UNITED STATES DISTRICT JUDGE**